CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED Danville
JUN 07 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| STEVE D. SHIELDS, | CASE NO. 4:12CV00031 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's May 12, 2009 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter DENYING the plaintiff's motion for summary judgment, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision dated September 22, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability

---

[1] As the defendant points out, Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin hereby is substituted for Michael J. Astrue as the defendant in this action.

onset date, April 23, 2009.[2] (R. 24.) The Law Judge determined plaintiff's discogenic/degenerative back disorder and disorders of the muscle, ligament, and fascia were severe impairments.[3] (R. 24-27.) He also concluded that, through the date of the hearing, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 27.) Further, the Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform the full range of light work.[4] (R. 27-29.)

The Law Judge relied on portions of the testimony of Asheley Wells, a vocational expert ("VE"), which were in response to questions premised on the Law Judge's RFC finding. (R. 29-30, 53-57.) Based on this testimony, the Law Judge determined that plaintiff was able to perform his past relevant work as an offset press operator as it is generally performed or specified by the Dictionary of Occupational Titles ("DOT").[5] (R. 29-30.) Accordingly, the Law Judge found that plaintiff was not disabled. (R. 30.)

Plaintiff appealed the Law Judge's September 22, 2010 decision to the Appeals Council and submitted additional evidence. (R. 1-11, 675-716.) In its June 28, 2012 notice, the Council

---

[2] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A) (2004). Substantial gainful activity is "work activity that involves doing significant physical or mental activities," and it is typically determined by the amount of a claimant's earnings. See 20 C.F.R. § 404.1574. In order to qualify for disability insurance benefits, plaintiff must establish disability prior to the expiration of his insured status, which the record reflects may be either December 31, 2012 or December 31, 2014, depending on which date is found to be controlling. See 20 C.F.R. § 404.131(a); (R. 24, 127, 190.)

[3] A severe impairment is any impairment or combination of impairments which significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1520(c).

[4] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds and the ability to sit, stand, and walk off and on for approximately six hours of an eight-hour workday. See 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, at *5-6 (1983).

[5] According to the VE, plaintiff's work, as performed, was heavy in exertion. However, he testified that the DOT described the work as light in exertion. (R. 55.)

found no basis to review the Law Judge's decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1-2.) This action ensued and briefs were filed.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than preponderance." *Id.* at 642. When the Appeals Council considers additional evidence offered for the first time on administrative appeal and denies review, courts must consider the record as a whole, including the new evidence, in determining whether the Commissioner's final decision is supported by substantial evidence. *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

In his brief in support of his motion for summary judgment, plaintiff challenges the Law Judge's decision on two fronts. (Dkt. No. 13, at 4-7.) First, plaintiff points out that the Law Judge erred in his summary of the medical record by finding that plaintiff underwent back surgery in November 2009. *Id.* at 4-5. He contends that this error and any conclusions the Law Judge drew from it, "render his decision invalid at worst, and suspect at best," and argues that the

3

case must be remanded to clear up any ambiguity. *Id.* Second, plaintiff argues that the Law Judge failed to adequately consider the combined effects of his impairments, thus rendering his findings unsupported by substantial evidence. *Id.* at 5-7.

Plaintiff rightly points out that the Law Judge incorrectly found that lumbar decompression surgery was performed in both November 2008 and November 2009. (R. 25-26.) It appears that the Law Judge was relying on certain medical records which misstated the date of plaintiff's lumbar decompression surgery as occurring in November 2009, thus leading to the erroneous conclusion that plaintiff underwent lumbar surgery on both dates and not just on the earlier date. (R. 26, 671, 673.) The Law Judge cites the November 2009 date again in conjunction with his finding that such surgery had relieved the causes of his lower back pain. (R. 28.)

Notwithstanding such factual errors, the Commissioner's final decision adopting a Law Judge's findings will be affirmed if they are supported by substantial evidence. *See Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The court may not reweigh the evidence, but it may consider whether the final decision is supported by substantial evidence absent erroneous findings and conclusions. *See Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996); *Glaser v. Astrue*, No. 2:11cv213, 2013 WL 1332064, at *11-12 (E.D.Va. March 29, 2013).

Here, the Law Judge plainly misstated plaintiff's surgical history and relied on incorrect data in reaching his finding that plaintiff's evidence concerning the effects of his maladies was not entirely credible. However, it also is plain that the Law Judge relied on other evidence, including the balance of the treatment record, plaintiff's surgical history, plaintiff's daily activities, and the medical opinions of plaintiff's treating sources in determining that plaintiff

4

was not disabled. (R. 24-29.) Accordingly, the error that does exist does not inherently undermine the substantial evidentiary support for the Law Judge's conclusion.

The undersigned also has difficulty with Law Judge's examination of the VE.[6] In framing his hypothetical questions to the VE, it was to be assumed that plaintiff was 48 years old at the time of his alleged disability onset date. (R. 54.) Actually, plaintiff was 55 years of age at the time of his alleged disability onset, making him a person of advanced age rather than a younger individual. (R. 127.); *See* 20 C.F.R. § 404.1563. Under the regulations, the Commissioner has the burden of producing evidence at Step 5 of the sequential evaluation that alternate jobs exist in significant numbers in the national economy which a person of plaintiff's age, education, and RFC was capable of performing. *See* 20 C.F.R. § 404.1520(a)(4)(v).

Here, the Law Judge directed the VE to consider a younger individual with no transferable skills, a high school education, and the capacity to perform light and sedentary work. (R. 54-55.) The Medical Vocational Guidelines indicate that such an individual would not be disabled, assuming there were no additional non-exertional limitations. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.21. On the other hand, a person of advanced age with the same skills, education, and RFC regulatorily would be deemed disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.06. If age was the determining factor, then the Commissioner's decision would be erroneous.

However, the Law Judge concluded at Step 4 that plaintiff possessed the RFC to perform his past relevant work, at least to the level that it is generally performed at in the national economy. (R. 29-30.) This, of course, rendered plaintiff's age irrelevant because the Law Judge

---

[6] Oddly, plaintiff points out this error in his brief to the Appeals Council, but not in his brief filed with this court. (R. 252-256.)

did not reach Step 5 of the process. *See* 20 C.F.R. § 404.1520(a)(4)(iv)-(v). The question then becomes whether the determination of plaintiff's RFC is supported by substantial evidence.

Ultimately, there is substantial evidence supporting the Law Judge's adopted decision. It is undeniable that plaintiff's back impairments are severe. Plaintiff has a long term history of lumbar spine impairments leading to the performance of a decompressive lumbar laminectomy in November 2008, five months before his alleged disability onset date. (R. 258-270.) He also suffers severe cervical spine impairments, including significant central and lateral stenosis, which led to a total laminectomy with bilateral medial foraminotomies performed on August 26, 2009. (R. 501-502, 509-510, 526-536.)

However, after each of these surgeries, plaintiff's treating sources cleared him to return to work. (R. 258, 551, 659-663.) In December 2008, Morris E. McCrary, III, M.D. opined that plaintiff could return to his regular work activity. (R. 258-260.) In October 2009, two months after his cervical decompression, Gregory A. Helm, M.D. stated that plaintiff was doing fairly well with physical therapy, noting that his neck pain was improving, and he opined, "I think that [plaintiff] can now return to light duty work and then full duty after one month." (R. 551.) In February 2010, though plaintiff complained of continued back, leg, and hip pain, Francis Shen, M.D. cleared plaintiff for work with a twenty pound lifting restriction and with no twisting, turning, kneeling, or squatting. (R. 663.) In March 2010, Dr. Shen described plaintiff's symptoms as persistent and worsening, suggesting that surgery may be required, but he again cleared plaintiff to return to work, opining, "From a spine standpoint, [plaintiff] does not have any work restrictions at this time." (R. 659-661.) Later medical records from April and September 2010 describe plaintiff as engaged in "full time employment." (R. 671, 687.)

6

The opinions of treating sources are generally given great weight, and such evidence provides substantial support for the Law Judge's finding that plaintiff's allegations of disabling symptoms were not entirely credible. Plaintiff argues that the medical providers addressed only "his capacity for work in relation to operable defects in his neck or spine," and did not take into account plaintiff's pain. (Dkt. No. 13, at 7.) The record does reveal that plaintiff continued to complain of pain in his back, hip, and left lower extremity following his August 2009 surgery, and epidural and nerve block injections appeared unsuccessful in alleviating these symptoms. (R. 606-607, 640-650, 659.) There also is evidence that plaintiff may have experienced osteoarthritis and degenerative joint changes in his hips. (R. 592-593, 604-605.)

However, it is inaccurate to say that plaintiff's physicians failed to take into account plaintiff's pain. Both Dr. Helm and Dr. Shen specifically mention plaintiff's pain, the latter opining its likely cause was lumbar degenerative disc disease and lumbar stenosis. (R. 551, 659-661, 663.) By taking his pain into account in their opinions that he could return to work, plaintiff's treating sources are implicitly opining this pain is not disabling. Plaintiff has also provided no medical source opinion evidence to rebut these conclusions or those of the state agency review physicians. (R. 169-178, 189-200.) Moreover, even though plaintiff continued to complain of pain, his physical examinations have been predominately normal after surgery, with several reports of normal strength, gait/ambulation, and reflexes. (R. 549, 649-650, 657, 659, 662, 671, 687-688.) Accordingly, the undersigned finds that there is substantial evidence supporting the Law Judge's finding that plaintiff is capable of performing light work and is not disabled under the regulations.

For all these reasons, it is RECOMMENDED that an Order enter DENYING plaintiff's motion for summary judgment, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

June 7, 2012
Date